**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | No. CR 10-1942-TUC-CKJ |
| ANTHONY MARK BOSCARINO, | **ORDER** |
| Defendant. | |
| MARGUERITE GERHART BOSCARINO, | |
| Petitioner. | |

Pending before the Court is the government's Motion to Dismiss for Failure to State a Claim and Lack of Standing (Doc. 215) referencing the Verified Petition for Hearing on Preliminary Order of Forfeiture (Doc. 213) filed by Petitioner Marguerite Gerhart Boscarino ("M. Boscarino"). A response has not been filed. By failing to respond to the motion, Petitioner is deemed to have consented to the granting of the motion. L.R.Civ. 7.2(i); L.R.Crim. 12.1(a) and 47.1.

*Procedural History*

On February 27, 2013, this Court issued a Preliminary Order of Forfeiture. The Court ordered a 2008 Jaguar XK8-V8 Convertible, VIN SAJWA44B285B24865, Arizona license plate MJB13, a 2009 Cadillac Escalade, VIN 1GYFK36279R142637, Arizona license plate

BOSCRNO, a 2009 Toyota Avalon, VIN 4T1BK36B59U329632, Arizona license plate AEF1798, a Mossberg 500A 12 gauge pump shotgun, serial number R727996, a Remington 870 12 gauge shotgun, serial number AB668214H, a Heckler and Koch .45 caliber handgun, serial number 126-002420 and two Heckler and Koch magazines, a Philippe Patek LDS Watch, approximately $8,598.04 seized from Desert Schools Federal Credit Union, Account # 1016161-00, Account Holder: MJG Enterprises, Inc., and approximately $6,111.82 seized from Desert Schools Federal Credit Union, Account # 1016161-80, Account Holder: MJG Enterprises, Inc.

On March 28, 2013, M. Boscarino filed a Verified Petition for Hearing on Preliminary Order of Forfeiture. M. Boscarino alleges that she is the registered owner of the 2008 Jaguar and the 2009 Cadillac Escalade the government seeks to forfeit. She asserts that the source of the funds for the purchase of these vehicles were monies earned by legitimate business sources. M. Boscarino also asserts that she is the owner of the Philippe Patele LDS watch that the government seeks to forfeit. She asserts the watch was a Valentine's Day gift.

M. Boscarino also alleges that, as to the remaining property the government seeks to forfeit, she has a community property interest in such property. M. Boscarino asserts that she had no involvement in the alleged criminal activity and petitions for relief as an innocent spouse.

The government has filed a Motion to Dismiss for Failure to State a Claim and Lack of Standing. Petitioner has not filed a response.

*Forfeiture – Ancillary Proceeding*

Following the entry of a preliminary order of forfeiture, any person asserting a legal interest in the property to be forfeited may petition the court for a hearing to adjudicate the validity of the claim. Fed.R.Crim.P. 32.2(c); 21 U.S.C. § 853(n)(2).[1] This third-party claimant must demonstrate by a preponderance of the evidence that she had a vested legal

---

[1] Section 853(n) is made applicable to all criminal forfeitures by 28 U.S.C. § 2461(c).

- 2 -

1  right, title, or interest in the property at the time of the commission of the acts giving rise to
2  the forfeiture or that she was a bona fide purchaser without cause to believe the property was
3  subject to forfeiture. 21 U.S.C. §§ 853(n)(6)(A) and (B); *United States v. Nava*, 404 F.3d
4  1119, 1129 (9th Cir. 2005); *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009) (the
5  purpose of the ancillary hearing is to resolve third party claims).

6  In general, if a third party files a claim contesting the forfeiture of a forfeited asset,
7  the court must conduct a hearing at which the court must determine if the claimant has
8  established a basis for amending or vacating the order of forfeiture. 21 U.S.C. § 853(n).
9  However, if a motion by the Government to dismiss the claim for lack of standing, for failure
10 to state a claim, or for any other lawful reason is granted, a hearing need not be held. Rule
11 32.2(c)(1)(A).

12

13 *Failure to State a Claim*

14 The government, in its Motion to Dismiss, does not seek dismissal of M. Boscarino's
15 claim regarding the 2008 Jaguar and the 2009 Cadillac Escalade. The government asserts,
16 however, that M. Boscarino has failed to state a claim as to the remaining assets subject to
17 forfeiture. Indeed, M. Boscarino has not alleged any facts that would support a claim that
18 she had a pre-existing interest in any of the assets. *See e.g., United States v. Nava*, 404 F.3d
19 1119, 1129 (9th Cir. 2005) (because the government's interest in the property vested at the
20 time of the offense giving rise to the forfeiture under the relation back doctrine, claimant can
21 recover under section 853(n)(6)(A) only if her interest vested before that time); *United States*
22 *v. Martinez*, 228 F.3d 587, 590 (5th Cir. 2000) (spouse cannot assert marital interest under
23 § 853(n)(6)(A) in property acquired with criminal proceeds because the relation back
24 doctrine bars the wife from ever acquiring an interest in criminal proceeds). Rather, the
25 crimes of M. Boscarino's husband "had to have been committed before there could be any
26 proceeds resulting from them. There was no community property interest at the moment the
27 husband[] violated the [] statute." *United States v. Hooper*, 229 F.3d 818, 821 (9th Cir.
28 2000).

1  Further, M. Boscarino has not alleged any facts to support a claim that she acquired an interest in the forfeited assets as a bona fide purchaser for value. *See United States v. Kennedy*, 201 F.3d 1324, 1335 (11th Cir. 2000) (the relation back doctrine was included in section 853 as a way of avoiding gift transfers from the defendant to his wife); *see also United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007) (The interest of the United States vests at the time a defendant commits the crime. "Otherwise, a defendant could attempt to avoid criminal forfeiture by transferring his property to another party before conviction."), *citations omitted*.

The Court finds M. Boscarino has failed to state a claim as to all of the assets, with the exception of the 2008 Jaguar and the 2009 Cadillac Escalade, that are subject to the February 27, 2013, Preliminary Order of Forfeiture.

*Standing*

In an ancillary hearing, a claimant has the burden of establishing standing. *United States v. Salti*, 579 F.3d 656, 667 n.11 (6th Cir. 2009) (claimant has the burden of proof on the standing issue). As to M. Boscarino's assertion that she has a community property interest in bank accounts, M. Boscarino has not disputed the government's assertion that the bank accounts at issue are held by MJG Enterprises, Inc. Although M. Boscarino is the president and a shareholder of MJG Enterprises, Inc., corporate property is vested in the corporation rather than in the stockholders. *Corporation Commission v. Consolidated Stage Co.*, 161 P.2d 110, 111 (1945). In other words, M. Boscarino does not have an individual interest in the assets held in the bank accounts. *See e.g. United States v. Wyly*, 193 F.3d 289, 304 (5th Cir. 1999). The Court finds M. Boscarino does not have standing to assert any interest in the bank accounts.

Accordingly, IT IS ORDERED the government's Motion to Dismiss for Failure to State a Claim and Lack of Standing (Doc. 215) is GRANTED.

- 4 -

IT IS FURTHER ORDERED M. Boscarino's claims asserting an interest as to the 2009 Toyota Avalon, VIN 4T1BK36B59U329632, Arizona license plate AEF1798, the Mossberg 500A 12 gauge pump shotgun, serial number R727996, the Remington 870 12 gauge shotgun, serial number AB668214H, the Heckler and Koch .45 caliber handgun, serial number 126-002420 and two Heckler and Koch magazines, the Philippe Patek LDS Watch, approximately $8,598.04 seized from Desert Schools Federal Credit Union, Account # 1016161-00, Account Holder: MJG Enterprises, Inc., and approximately $6,111.82 seized from Desert Schools Federal Credit Union, Account # 1016161-80, Account Holder: MJG Enterprises, Inc., are DISMISSED.

DATED this 29th day of April, 2013.

_____
Cindy K. Jorgenson
United States District Judge