1    **WO**

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE DISTRICT OF ARIZONA

9

10   United States of America,           )
                                          )
11              Plaintiff,                )
                                          )
12   vs.                                  )    No. CR 10-1942-TUC-CKJ
                                          )
13   Anthony Mark Boscarino,              )    **ORDER**
                                          )
14              Defendant.                )
                                          )
15   _____ )

16          Pending before the Court is the Motion for Release Pending Appeal (Doc. 391) filed

17   by Anthony Mark Boscarino ("Boscarino"). The government has filed a response and

18   Boscarino has filed a reply. Also pending before the Court is Boscarino's Motion for Prompt

19   Ruling on Motion for Bail on Appeal Setting Conditions of Release (Doc. 397).

20          Boscarino requests this Court to allow him to be released from custody pending

21   appeal. He points out that he is not seeking a reduction in sentence with this request and

22   acknowledges that, if his appeal is unsuccessful, he may have to surrender and serve the

23   remainder of his sentence.

24          The applicable statute provides, *inter alia*:

25          (1) Except as provided in paragraph (2), the judicial officer shall order that a person
             who has been found guilty of an offense and sentenced to a term of imprisonment, and
26          who has filed an appeal . . . be detained, unless the judicial officer finds –

27                 (A) by clear and convincing evidence that the person is not likely to flee or
                   pose a danger to the safety of any other person or the community if released
28                 under section 3142(b) or (c) of this title; and

1

2

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --

3

(i) reversal,

4

(ii) an order for a new trial,

5

(iii) a sentence that does not include a term of imprisonment, or

6

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

7

8

18 U.S.C. § 3143(b).

9

"Although danger to the community and flight risk are threshold factors under §

10

3143(b)(1)(A), in that context the court considers only whether the defendant has proved by

11

clear and convincing evidence that he is 'not likely' to flee or pose a danger to others."

12

*United States v. Garcia*, 340 F.3d 1013, 1021 n. 6 (9th Cir. 2003); *United States v. Wheeler*,

13

795 F.2d 839 (9th Cir. 1986) (appellant/defendant has burden of showing he is not a flight

14

risk or a danger to any person or the community).  In his Motion, Boscarino asserts that he

15

had substantially complied with his pre-trial release; indeed the Pretrial Services Officer had

16

testified that he had, at times, authorized Boscarino to have lunch with his family and vary

17

slightly from the conditions.  However, Boscarino does not assert that he had permission to

18

deviate from the release conditions on the date for which his conduct resulted in the

19

revocation of his release.  Since the revocation of release and the order of detention,

20

Boscarino has remained in custody through the proceedings, which are now on appeal.

21

Boscarino asserts clear and convincing evidence establishes that he is not likely to flee nor

22

pose a danger to the safety of any other person or the community.

23

Boscarino points out that he is currently housed at a facility with no fences and

24

approximately 30 miles from U.S.A.-Mexico border; nonetheless, Boscarino has remained

25

at the facility.  However, Boscarino's history includes not only that he failed to follow his

26

release conditions, but also Boscarino also apparently attempt to manipulate the system by

27

arguing that other approvals or inconsistent enforcement by the Pretrial Services Officer

28

1  constituted implicit approval for Boscarino to unilaterally decide when to violate his release

2  conditions.  This calls into question the implications that may be raised by Boscarino's

3  remaining at the facility.  The Court concludes clear and convincing evidence does not

4  establish that Boscarino is not likely to flee.

5       Boscarino similarly asserts clear and convincing evidence establishes that he would

6  not pose a danger to any person or to the community should he be released pending appeal.

7  However, Boscarino's established willingness to skirt release conditions, along with his

8  gambling addiction, refutes Boscarino's assertion there is clear and convincing evidence that

9  he would not pose a danger to any person or to the community.  Rather, there is no basis to

10 conclude Boscarino would not engage in the same type of conduct which formed the bases

11 for his convictions.  *See e.g. United States v. Seide*, 492 F. Supp. 164, 167 (C.D. Cal. 1980)

12 (Defendant would "engage in the same type of fraud, deceit, deception, and "con-activities"

13 that formed the basis for the income which he failed to report and for which failure he was

14 prosecuted in this case. This threat constitutes a definite, clear and present danger."); *United

15 States v. Provenzano*, 605 F.2d 85, 95 (3d Cir. 1979) (citations omitted) (Courts that have

16 addressed the danger to the community provision "are not confined in such cases to

17 considering only harms involving an aura of violence. We agree and hold that a defendant's

18 propensity to commit crime generally, even if the resulting harm would be not solely

19 physical, may constitute a sufficient risk of danger to come within the contemplation of the

20 Act.").  The Court finds clear and convincing evidence does not establish Boscarino is not

21 likely to pose a danger to the safety any person or the community.

22      The Court finds Boscarino's appeal is brought in good faith and not for the purpose

23 of delay.

24      Even if clear and convincing evidence had established that Boscarino is not likely to

25 flee or pose a danger to the safety of any other person or the community if released, the Court

26 finds release pending appeal is not appropriate.  As previously stated, the appeal must raise

27 a substantial question of law or fact likely to result in a reversal (or other favorable result as

28

- 3 -

1 set forth in the statute). A "substantial question" is one that is fairly debatable or fairly

2 doubtful. It is a question of more substance than would be necessary to a finding it was not

3 frivolous. *Garcia*, 340 F.3d 1013 (9th Cir. 2003); *United States v. Montoya*, 908 F.2d 450

4 (9th Cir. 1990).[1] The type of question that must be presented is one that is "likely to result

5 in a reversal . . ." *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985). This second

6 part of the inquiry "concerns only the *type of question* that meets the requirement; it does not

7 involve assessing the likelihood that a reversal will occur in the particular case." *Garcia*, 340

8 F.3d at 1020, n. 5, *citing Handy*, 761 F.2d at 1280. In other words, under this part of the

9 inquiry, a defendant need only present "a non-frivolous issue that, if decided in the

10 defendant's favor, would likely result in reversal or could satisfy one of the other four

11 conditions." *Id*.

12 Boscarino asserts that his appeal raises substantial questions of law and fact which are

13 likely to result in a reduced term of imprisonment less than the total time already served plus

14 the expected duration of the appeal process. Although Boscarino has summarized the

15 arguments he has raised on appeal, he has not shown these arguments are likely to result in

16 a reversal or resentencing. Indeed, he has not shown he is presenting a substantial question;

17 in other words, Boscarino has not shown a substantial question that is "fairly debatable" or

18 "fairly doubtful." Boscarino has failed to identify a "substantial question of law or fact"

19

20

21 [1]While a defendant does not need to demonstrate at the outset of the appellate
22 proceedings that the appeal will probably result in a reversal, a defendant must argue that the
"'chance for reversal is substantial.'" *Handy*. 761 F.2d at 1280, *quoting* S.Rep. No. 98–225,
23 98th Cong., 2d Sess. 27 reprinted in 1984 U.S.Code Cong. & Ad. News 3182, 3210. The *Handy*
24 court also stated: "The question may be 'substantial' even though the judge or justice hearing
the application for bail would affirm on the merits of the appeal. The question may be new and
25 novel. It may present unique facts not plainly covered by the controlling precedents. It may
involve important questions concerning the scope and meaning of decisions of the Supreme
26 Court. The application of well-settled principles to the facts of the instant case may raise issues
that are fairly debatable." *Id*. at 1281, *quoting D'Aquino v. United States*, 180 F.2d 271, 272
27 (11th Cir.1950).

28

1   likely to result in reversal or a new sentencing. 18 U.S.C. § 3143(b)(1)(B).   Rather,

2   Boscarino's assertions that his sentence may be significantly reduced is speculative.

3   The Court concludes that Boscarino's appeal does not raise a "substantial question of

4   law or fact" because he has not raised an issue that is "fairly debatable" or "fairly doubtful."

5   The essence of Boscarino's appeal is that this Court should have applied proposed

6   amendments to the then-effective Sentencing Guidelines, that this Court erred in its

7   application of the Sentencing Guidelines (e.g., two-level increase for obstruction of justice)

8   and that his term of imprisonment may be reduced (e.g., based on good time credits or

9   placement in a halfway house).  The Court finds the appeal issues are not fairly debatable or

10  doubtful.

11  Boscarino asserts this Court has not timely addressed his request for bail while this

12  matter is pending.  Boscarino asserts this matter has been fully briefed and pending for more

13  than 60 days.  However, on January 30, 2017, Boscarino filed a Supplement to Reply to the

14  Government's Opposition to Motion for Appeal Bond (Doc. 396).  In other words, this issue

15  has only been fully briefed and pending before this Court since January 30, 2017; i.e., this

16  matter has been pending before this Court for 24 days.  Moreover, the case relied upon by

17  Boscarino for his assertion that his release is appropriate as a sanction for the failure to

18  review promptly the order of his detention was addressing pre-trial detention rather than

19  release while an appeal is pending. *United States v. Fernandez-Alfonso*, 813 F.2d 1571, 1574

20  (9th Cir. 1987).  Boscarino has not provided any authority that release while an appeal is

21  pending is warranted if and when a review is untimely.  The Court finds the timeliness of the

22  review in this case does not warrant Boscarino's release while his appeal is pending.

23  Accordingly, IT IS ORDERED:

24  1.      The Motion for Prompt Ruling on Motion for Bail on Appeal Setting

25  Conditions of Release (Doc. 397) is GRANTED to the extent the Court issues its ruling

26  herein.  The Motion (Doc. 397) is DENIED as to the request Boscarino's release while his

27  appeal is pending be ordered because of an untimely review.

28

- 5 -

1          2.      Boscarino's Motion for Release Pending Appeal (Doc. 391) is DENIED.

2      DATED this 23rd day of February, 2017.

3

4                                            _____
                                             Cindy K. Jorgenson
5                                            United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28